UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| | ) | Case No. 25-70986 |
| OLDE TOWN APARTMENTS OWNER LLC, | ) | |
| | ) | Honorable Judge Mary P. Gorman |
| Debtor. | ) | |

**DEBTOR'S AMENDED MOTION TO SELL REAL PROPERTY
PURSUANT TO 11 U.S.C. § 363**

NOW COMES Debtor, Olde Town Apartments Owner LLC ("Debtor"), by its attorneys, Ariel Weissberg and the law firm of Weissberg and Associates, Ltd. and files its Motion (the "Sale Motion") seeking an Order authorizing the sale of the Debtor's interest in certain real and personal property located at 700, 704, 706, 710, 712, 716 714, 724, 726, 728, 732, 734, 736, 738, 740, 742, 744, 746, Bruns Lane, Springfield, Illinois 62707 (the "Sale Order").

This Sale Motion is made pursuant to §§ 105, 363, and 365 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Bankruptcy Rules of this Court.

## I.   INTRODUCTION

1. On December 9, 2025, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Central District of Illinois seeking to reorganize under Chapter 11 of the Bankruptcy Code.

2. Since the petition date, the Debtor has continued in the possession, management and operation of its assets, properties and businesses in accordance with Sections 1107 and 1108 of the Bankruptcy Code.

3. No trustee, examiner, or official committee of unsecured creditors has been appointed.

4. Since November 5, 2020, the Debtor owns the real property located at 700, 704, 706, 710, 712, 716 714, 724, 726, 728, 732, 734, 736, 738, 740, 742, 744, 746, Bruns Lane, Springfield, Illinois 62707 (the "Property") which has an approximate value of $2,800,000.

5. The Property is approximately 11.84 acres in size, and is currently improved with eighteen apartment buildings (the Property originally had twenty-three buildings). The Property is located in a working class neighborhood in Springfield, Illinois. Presently and since April, 2024, there are no tenants occupying the buildings that improve the Property. These buildings and the Property, itself, are the subject of enforcement actions by the City of Springfield, which obtained Orders from the Sangamon County, Illinois Circuit Court to demolish five of the twenty-three buildings and judgments against the Debtor, based on the assertions by the City of Springfield that the buildings were in disrepair and posed a danger to the occupants.

6. The Property is encumbered with the following mortgages: (a) the first mortgage indebtedness of Metropolitan Commercial Bank ("Metropolitan Bank") in the approximate amount of $8,000,000 ("First Mortgage") pursuant to a Mortgage recorded with the Sangamon Recorder of Deeds on December 6, 2021, as Document No. 2021R33053; and, (b) the second mortgage indebtedness of Metropolitan Bank in the approximate amount of $1,000,000 ("Second

Mortgage") pursuant to a Mortgage recorded with the Sangamon Recorder of Deeds on December 6, 2021, as Document No. 2021R33055.

      7.      In addition, the Property is encumbered by the following claims for lien ("Lien Claimants"): (a) United Rentals North America, Inc., asserting a mechanics lien against the Property in the amount of $49,685.00 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on February 22, 2022, as Document No. 2022R03689; (b) RP Lumber Company asserting a mechanics lien against the Property in the amount of $73,429.82 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on December 19, 2022, as Document No.2022R26462; (c) HD supply Facilities Maintenance, Ltd. asserting a mechanics lien against the Property in the amount of $99,664.94 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on January 17, 2023, as Document No. 2023R00858; (d) Angeles Painting & Remodeling, LLC asserting a mechanics lien against the Property in the amount of $71,296.92 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on February 22, 2023, as Document No. 2023R02747; (e) Airtech HVAC/R LLC asserting a mechanics lien against the Property in the amount of $84,150.00 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on April 4, 2023, as Document No. 2023R05381; (f) ABI Mae Lawn Care and Landscaping Services, Inc. asserting a mechanics lien against the Property in the amount of $21,494.71 pursuant to a Judgment lien recorded with the Sangamon Recorder of Deeds on August 3, 2023, as Document No. 2023R14318; (g) City of Springfield asserting a utility lien against the Property in the amount of $107,088.66 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on November 17, 2023, as Document No.

2023R21279; and (h) City of Springfield asserting a Judgment lien against the Property in the amount of $500,345.00 pursuant to a Notice for Claim for lien recorded with the Sangamon Recorder of Deeds on January 5, 2024, as Document No. 2024R21047; and, (i) City of Springfield asserting a Judgment lien against the Property in the amount of $3,000,000.00 pursuant to a Judgment Lien/Memorandum of Judgment recorded with the Sangamon Recorder of Deeds on December 9, 2024, as Document No.'s 2024R21047 and 2023R10132 recorded on June 13, 2023.  Finally, a real estate tax purchaser, TLC-2023 LLC, is owed $435,287.27 for the purchase of unpaid real estate taxes.

8. In light of the foregoing: (a) the claims of Metropolitan Bank are partially secured by the First Mortgage and Second Mortgage encumbering the Property; and (b) the claims of the Lien Claimants are unsecured.

    **II.   THIS COURT SHOULD ALLOW THE DEBTOR TO SELL THE PROPERTY**

A. <u>Bankruptcy Court Approval.</u>

9. On January 8, 2026, the Debtor obtained a *Real Estate Sales Contract* ("Contract") with Jero Holdings, LLC as the buyer ("Buyer" or "Purchaser").  A copy of the Contract is attached hereto as **Exhibit 1**.  Through the Contract, the Debtor will cause the payment through the Buyer of approximately $2,350,000.00 to the Metropolitan Bank. Any proposed sale of the Property by the Debtor is specifically subject to approval by the Court.  The Debtor is seeking the entry of an Order approving the sale of the Property to Buyer pursuant to the terms of the Contract, as may be amended from time to time.

### III. AUTHORITY

A. <u>The Standard for Asset Sales – § 363(b) of the Bankruptcy Code.</u>

10. Section 363(b) of the Bankruptcy Code provides that "[T]he Debtor, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). The standard for approval of a sale of property of the estate under § 363 is whether there exists some articulated business justification for the proposed transaction, and whether the sale is in the best interests of the debtor, creditors and equity holders. *See*, *Walter v. Sunwest Bank (In re Walter)*, 83 B.R. 14, 19 (9th Cir. BAP 1988) (quoting *Institutional Creditors of Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986). In making such a determination, courts may look to the following factors:

    a) Whether the assets are increasing or decreasing in value;

    b) Whether the proposed sale will effectuate a *de facto* reorganization;

    c) Whether the assets have been adequately marketed; and

    d) Whether adequate and reasonable notice of the sale was given.

See, *In re Work Recovery*, 202 B.R. 301, 303-04 (Bankr. D. Ariz. 1996); and *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991).

B. <u>Procedural Requirements – Rules 6004(f) and 2002(c)(1).</u>

11. Rule 6004(f) of the Federal Rules of Bankruptcy Procedure provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." F.R.B.P 6004(f). A Debtor is entitled to broad discretion in determining the manner of sale, including whether to sell property by public or private sale. *In re Frezzo*, 217 B.R. 985, 989

(Bankr. M.D. Pa. 1988) (citing *In re Canyon Partnership*, 55 B.R. 520, 524 (Bankr. S.D. Cal. 1985)).

12. Rule 2002(c)(1) of the Federal Rules of Bankruptcy Procedure further provides that:

> [N]otice of a proposed use, sale, or lease of property . . . shall include the time and place of any public sale, the terms and conditions of any private sale, and the time fixed for filing objections.
>
> F.R.B.P. 2002(c)(1).

C. Sales "Free and Clear" – § 363(f).

13. § 363(f) of the Bankruptcy Code provides:

> The Debtor may sell property under subsection (b) or (c) of this section free and clear of any interests in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money judgment of such interest

11 U.S.C. § 363(f). § 363(f) is written in the disjunctive. Therefore, satisfaction of any one of the five conditions is sufficient to sell property free and clear of any interests in such property.

14. The Debtor believes that it is in the best interests of all constituents that the Property be sold to the Buyer pursuant to the Contract as provided in this Motion. The

consummation of the proposed sale will result in: (a) payment of approximately $2,350,000.00 to the Metropolitan Bank pursuant to the First Mortgage and Second Mortgage.

    D.    <u>The Sale Should be Made "Free and Clear."</u>

15.    As a condition of the sale, any Sale Order shall provide that the sale is being made free and clear of all claims of creditors in the bankruptcy case. The Debtor submits that such a provision is justified. The Debtor will serve notice of the Sale Hearing on all creditors and other parties in interest in the estate. The Debtor does not anticipate any opposition from creditors. If that turns out to be case, then all such parties will have been deemed to have consented to the sale, and § 363(f)(2) of the Bankruptcy Code will be satisfied. See *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285 (7th Cir. 2002); and *In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993).

### IV.    CONCLUSION

16.    Based on the reasons set forth herein, the Debtor respectfully requests that the Court enter an Order approving the sale of the Property to Jero Holdings, LLC, an Illinois limited liability company pursuant to the Contract.

WHEREFORE, Debtor, Olde Town Apartments Owner LLC, rays that this Court enter an Order approving the sale of 700, 704, 706, 710, 712, 716 714, 724, 726, 728, 732, 734, 736, 738, 740, 742, 744, 746, Bruns Lane, Springfield, Illinois 62707 to Jero Holdings, LLC pursuant to the *Real Estate Sales Contract*, free and clear of all liens pursuant to § 363(b) and § 363(f) of

the Bankruptcy Code, except for the Unpaid Claims; and for such other and further relief as this Court deems just and proper.

                            **OLDE TOWN APARTMENTS OWNER LLC,**
                            Debtor


                            By:    /s/ Ariel Weissberg
                                 One of its attorneys


Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
125 South Wacker Drive, Suite 300
Chicago, Illinois 60606
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## CERTIFICATE OF SERVICE

      I, Ariel Weissberg, certify that on February 6, 2026, I caused to be served *Debtor's Amended Motion to Sell Real Property Pursuant to 11 U.S.C. § 363* to be filed electronically. Notice of this filing was sent to all parties registered with the court's ECF electronic transmission, including to the following parties:

Nancy J. Gargula, Esq., U.S. Trustee
Region 10
c/o James A. Salinas, Esq.
Megan Shaw, Esq.
401 Main Street, Suite 1100
Peoria, IL 61602
Email: USTPRegion10.PE.ECF@usdoj.gov; james.salinas@usdoj.gov; Megan.Shaw@usdoj.gov

Bledsoe Electric, Inc.
15136 Mechanicsburg Illiopolis Road
Buffalo, IL 62515-7021

Metropolitan Commercial Bank
c/o Allison Arotsky, Esq.
Moritt Hock & Hamroff, LLP
400 Garden City Plaza, 2nd Floor
Garden City, NY 11530
Email: aarotsky@moritthock.com


                                    /s/ Ariel Weissberg
                                      Ariel Weissberg